# BALTIMORE CITY COURT.

Filed February 20, 1923.

MOLLIE WINKS AND JENNIE KENNEDY

VS.

ANDREW W. GOTTSCHALK, EXECUTOR OF THE ESTATE OF HILDA BARRY CORDER.

*C. C. Fitzgerald* for caveators.

*Marcus A. Tregor* for executor and residuary legatee.

*John L. Sanford* for Mildred Corder Hood, legatee.

STUMP, J.—

Tuesday, February 20th, 1923.

Pursuant to adjournment, the Court and jury met in the above entitled cause at 10 o'clock in the forenoon.

(Note) At this point the plaintiff rested.

(Demurrer prayers were thereupon offered by the defendant and argument followed thereon.)

(The Court) The Court understands that wills are very serious matters. In the first place if a will is set aside the decedent does not have any further opportunity to say how the property shall be disposed of, and that matter is left to the law, although the law makes a very good will, I have been told, that is, in Maryland. I am not expressing any opinion myself about that, but I have been so told by very good lawyers that that is the case in Maryland.

Now, of course, it seems easy as a general proposition, to make a suc-

cessful attack upon a will, but in many instances it is not easy to do so.

This is a case where the evidence for the caveators that has been produced does not make such an impression upon one as would entitle the case to go to the jury. There is no evidence of undue influence; in fact, the case, from the caveator's testimony, seems to be peculiarly free from that. Of course, the minister of the deceased testatrix was there. His testimony and that of the other witnesses does not give us any doubt at all with reference to his conduct. In other words, it was just what any honorable person would do. That is as far as the evidence goes. I do not think there is any evidence of undue influence or fraud, nor do I think there is any legally sufficient evidence of incapacity to make a will. The only thing that tends in that direction at all is the piece of testimony that we have had the benefit of the stenographer's notes on. I think this is a case that the Court should not give to the jury. I do not say, as a matter of fact, that the will was a proper will. I do not say, as a matter of fact, that the testatrix at the time she made it was competent to make it, but there is nothing to show she was not, nothing to show that there was any fraud or undue influence exerted. There is a good deal that tends in the other direction, tending to show she was competent, and there was nothing otherwise except the bit of testimony of one witness on the stand who said she heard a witness to the will say that she did not at that time think that at the time the decedent executed the will she was competent, but the argument that has been advanced by the counsel for the defendant in reference to that testimony appeals to the Court. What she is reported to have said is a direct renunciation of her own act in witnessing the will. For us to rely upon her testimony, or that statement, when it is in such conflict with what she did, as almost to discredit her and make her unworthy of having any attention paid to what she says, would be a mistake.

I do not think you could find a case that is any clearer than this one; I do not think you could find a case in which there could be less doubt as to the propriety of letting it go to the jury. I am just making these statements to let you see the reasoning of

the Court. Of course, that reasoning may be bad. The Court may be making a mistake, but that is a risk that must be run. The case does not seem to be capable of having testimony produced sufficient to carry it to the jury. That is not the fault of counsel, but it is a case in which the inherent facts and circumstances cannot be known or reached.

I will so instruct the jury.